```
Law
Offices of
Nancy
Rothenberg
```

Nancy Rothenberg, Managing Attorney
nancy@lawofficesnr.com
(917) 673-4435

Naomi Abraham, Of Counsel
naomi@lawofficesnr.com

Kristan Connolly, Of Counsel
kristan@lawofficesnr.com

Lisa Hershman, Of Counsel
lisa@lawofficesnr.com

Brad Rosken, Of Counsel
brad@lawofficesnr.com

December 6, 2025

**Via ECF**
Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  *K.J., on behalf of herself and her minor child K.W.J., v. New York City Dep't of Education,* Civ. No. 25-cv-5972

Dear Judge Engelmayer:

I represent the Plaintiff in the above-referenced case.  I am writing on behalf of both parties in accordance with Your Honor's Individual Practices concerning: (a) a joint request for the Court to clarify how the Court would like to receive a certified copy of the Record on Appeal ("ROA") from the New York State Review Officer ("SRO"); and (b) a joint request for the Court to endorse a proposed Sealing Order for the ROA as well as any student-specific records that may be filed with the Court as exhibits or attachments to pleadings, letters, motions and attorney's declarations.

**Relevant Overview of the Action**

Plaintiff, K.J., is the parent of K.W.J. a ten-year -old student; Plaintiffs allege that K.W.J. has been diagnosed with various disabilities, including Autism and Attention Deficit Hyperactivity Disorder ("ADHD"). Plaintiffs raise claims raises claims under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400, et *seq.*, 42 U.S.C. §1983, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"). Named Defendants are the New York City Department of Education ("DOE"), Chancellor Melissa Aviles-Ramos, in her official capacity, and the New York City Department of Education; the Board of Education ("BOE") of the City School District, and the City of New York

(collectively "Defendants" or "DOE").  At least some of the claims involve an appeal of an administrative decision issued by the New York State Review Office ("SRO") under the IDEA.

**The Parties Request that the Parties Have Permission to File the Record on Appeal as a Joint Appendix Under Seal**

The SRO has a process pursuant to which the parties must file a form requesting the Record on Appeal ("ROA"). As part of this process, the SRO requests that the parties inform the SRO whether the Court wants the SRO to file a certified record with the Court directly.  The parties propose that rather than have the SRO send a copy of the ROA directly to the Court, that the ROA be filed by the parties as a bates numbered Joint Exhibit under seal, with a copy to the Court (if the Court wants a copy) to be provided either (a) by Dropbox link; (b) on a thumb drive or, if the Court prefers,  (c) in hard copy in binders. If that is not acceptable to the Court, Plaintiffs request that the Court direct Plaintiffs as to how the Court wishes to receive the ROA.

**The Parties Request that the Court Endorse a Sealing Order**

The parties jointly request that, pursuant to Fed. R. Civ. P. 5.2(d) and 26(c), the Court grant the parties' application to file the following documents under seal: (a) the ROA consisting of the administrative record before the impartial hearing officer ("IHO") and the SRO; and (b) any additional documents (including any unredacted declarations of fact witnesses) that will be filed as exhibits or attachments to pleadings, letters, motions and attorney's declarations filed with the Court, that fall into one of the following categories:

(a)     All Education Records, other student records, and all documents and things, whether or not also education records or student records, that contain identifying information about Plaintiffs, and any other child and parent, including but not limited to name, address, social security number, Medicaid number, phone number, New York City Identification (IDNYC) number, or Office of Student Information System (OSIS) number, or any other personally identifiable information as that term is defined pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 C.F.R. Part 99;

(b)     All documents and information containing personal health or disability information of Plaintiffs and any other child and parent, including but not limited to such documents and information covered by the Individuals with Disabilities Education Improvement Act ("IDEA"), the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and such records disclosed by a party or non-party pursuant to any Authorization to Release Medical Records executed by the Plaintiffs; and

(c)     All documents and information containing mental health or psychiatric information of Plaintiffs, and any other child and parent, including but not limited to documents and information covered by HIPAA and records disclosed by a party pursuant to any Authorization to Release Psychotherapy Notes.

Senior Paralegal Diane Aughtmon • Diane@LawOfficesNR.com • main (917) 805-3377
63 Kent Drive, Cortlandt Manor, NY 10567 • fax (917) 768-0738

2

Due to the nature of this action, which involves claims of a minor with a disability, whose information is protected from disclosure by the parties under FERPA, the IDEA, and HIPAA, the Proposed Sealing Order is warranted. Because Congress intended that the documents that the parties seek to file under seal will be confidential and they involve highly private and confidential disability-related, education-related and medical information about minor children, this intention defeats the "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In addition, the ROA and K.W.J.'s educational file is voluminous and the expense and time it would take to redact all of the student files would be significant and burdensome.[1]

Moreover, the Proposed Sealing Order is narrowly tailored, in that the parties are not requesting that the pleadings, motions, letters, briefs and Rule 56.1 statements be filed under seal, as initials are being used to protect the Plaintiffs' identity in those documents. The Proposed Sealing Order covers only the underlying records themselves or other documents that will be used as exhibits (such as declarations) that cannot be easily redacted and/or that identify Plaintiffs or other minor children with disabilities.

A Proposed Sealing Order is attached to this letter as Exhibit A.

Thank you for Your Honor's consideration of these requests.

Sincerely,

/s/ Nancy Rothenberg

_____

Nancy Rothenberg
Elisa Hyman Co-counsel for the Plaintiffs

cc: Jordan Doll, Counsel for Defendants

---

[1] Plaintiffs also assert that K.P. has a unique disorder and is now attending a small private school, such that there would be a risk that redaction would not be sufficient to protect her identity.

Senior Paralegal Diane Aughtmon • Diane@LawOfficesNR.com • main (917) 805-3377
63 Kent Drive, Cortlandt Manor, NY 10567 • fax (917) 768-0738

3

By separate order, the Court will approve the parties' proposed sealing order.

As to the Record on Appeal ("ROA") in this case, the parties are to (1) file the ROA as a sealed, Bates-numbered joint exhibit, and (2) mail or deliver two hard copies of the same to the Court at the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007.

SO ORDERED.

Date:  December 8, 2025
        New York, New York

PAUL A. ENGELMAYER
United States District Judge