

**STEVEN BANKS**
*Corporation Counsel*

The City of New York
# Law Department
100 CHURCH STREET
NEW YORK, NY 10007

**Jordan Doll**
Assistant Corporation Counsel
Phone: (212) 356-2624

April 17, 2026

**BY ECF**
Judge Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

    Re: *K.J., et al. v. New York City Department of Education, et al.*
       1:25-cv-05972 (PAE)

Your Honor:

  This Office represents Defendants in the above-referenced matter. I write jointly with Plaintiffs' counsel to request a stay of Discovery in this matter or, in the alternative, a two-month extension to complete fact Discovery until July 10, 2026 and expert Discovery until July 22, 2026, and to modify the briefing schedule accordingly.

  Plaintiff challenges, *inter alia*, an administrative decision issued by a State Review Officer pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. On February 10, 2026, the Court held an initial pre-trial conference where Discovery was bifurcated between the individual claims and the systemic claims, and the Court ordered a Discovery schedule for the individual claims. ECF Nos. 26, 31.

  Several developments occurred following this Conference. After further discussions, Defendants decided that they want to try to settle the matter. Plaintiffs have made a demand, which Defendants are evaluating. The Parties believe that there is a path forward to resolution without further Court involvement. Accordingly, the Parties wish to focus on the possibility of settlement, rather than expending time and resources on Discovery and motion practice. The reason we are asking for a stay is because it is very difficult to negotiate a final settlement when Plaintiffs' fee demands are not static, but increasing, often dramatically, during the course of Discovery.

  Further, Defendants have now responded to Plaintiffs' document requests and Plaintiffs have noticed three depositions for the first week in May. The parties had a meet and confer that did not resolve any of their discovery disputes. Given that the Parties' meet and confer was unsuccessful, Plaintiffs believe substantial Discovery motion practice is necessary as well, which would require both the Court and the Parties to expend resources that may not be necessary if the

case settles. Further, if the Parties find they cannot make progress, the Parties may request this matter be referred to a Magistrate Judge for a formal settlement conference.

I also learned recently that I will be out on medical leave for the last two weeks of April, with the possibility of the leave extending into early May. Accordingly, completing Discovery pursuant to the current schedule would not be possible or would require additional staffing at my Office, which would be time-intensive and, if settlement is possible, an unnecessary use of limited City resources. I did not alert the Court earlier to this complication because the Parties wanted to be able to propose a path forward to the Court when I requested additional time. Moreover, Plaintiffs' counsel had to wait to find out if she was going to get a revised schedule in the *M.G.* Class Action.

If the requested Stay is denied, the parties will still try to settle, but it will be a much more challenging process. The settlement demand is currently straightforward, as Plaintiffs are seeking compensatory education and counsel fees. It would facilitate settlement if any fee request was capped at this juncture, without further Discovery.

In the alternative, if the Court is inclined to grant the Parties' request for an extension, the Parties propose the below briefing schedule for the individual claims.

Motions for Summary Judgment: August 10, 2026
Oppositions: September 10, 2026
Replies: September 29, 2026

The Parties thank the Court for considering these requests.

Respectfully submitted,

[ECF]                         /s/
Jordan Doll
Assistant Corporation Counsel

**VIA ECF:**
All Counsel of Record

The Court denies the parties' request for an indefinite discovery stay, but grants their request for a two-month extension to complete discovery. Fact discovery shall be completed by July 10, 2026 and expert discovery by July 22, 2026. The Court also adopts the extensions of the summary judgment briefing schedule, proposed above by the parties. The Court wishes defense counsel a healthy recovery from medical leave.

SO ORDERED.

Date: April 20, 2026                    PAUL A. ENGELMAYER
        New York, New York              United States District Judge

2