THE LAW OFFICE OF

# ELISA HYMAN, P.C.

May 20, 2026

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *K.J., et al. v. New York City Dep't of Educ., et al.*, No. 25-cv-5972 (PAE)

Dear Judge Engelmayer:

Plaintiffs respectfully submit this pre-motion letter pursuant to Section 2.E of Your Honor's Individual Practices, Local Civil Rule 37.2, and Fed. R. Civ. P. 26, 34, and 37, seeking to compel Defendants to (i) produce documents in response to Plaintiff's First Set of Requests for Production ("RFP") (Ex. A); and (ii) produce a privilege log relative to certain documents. Plaintiffs' counsel met and conferred with Defendants' counsel by telephone on April 10, 2026, in an effort to resolve these disputes but were unable to make any progress.[1]  Further, Plaintiffs request a conference to discuss the matters set forth herein.

On February 10, 2026, the Court bifurcated discovery and limited the initial phase to individual claims (the "Discovery Order"). With respect to individual claims, Plaintiffs' First Amended Complaint (Dkt. 11) ("FAC") raises claims concerning K.W.J., a child with autism and ADHD relating to three school years ("SYs"): 20-21, 21-22, and 22-23. Specifically, *inter alia,* Plaintiffs (a) appeal a State Review Officer's Decision finding that Defendants offered a Free Appropriate Public Education ("FAPE") under the IDEA for the 22-23 SY and failed to award sufficient relief; (b) allege denial of stay-put services under 20 U.S.C. § 1415(j); (c) raise claims of discrimination under Section 504; and (d) injury based on Section 1983.

## I. Defendants Interposed Improper Boilerplate Objections and Responses to the RFP.

Defendants object to fourteen requests with materially identical language: that the request is "overly burdensome, vague, and is not proportional to the needs of this case, as the discovery sought is beyond the scope" of the Discovery Order. *See* Ex. B (Defendants' Responses). Such generic, repeated objections are improper. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C); *Deckers Outdoor Corporation v. Wholesale in Motion Group, Inc.*, 2024 WL 1539897, at *1 (PAE) (S.D.N.Y., 2024). During the meet and confer, Defendants did not provide any details about the location of documents (the majority of which are ESI), format of ESI, search strategies, or any specific information as to burden or lack of proportionality. Thus, there could be no negotiation of how to

---

[1] As Defendants' counsel was on medical leave, and the parties have been discussing settlement, as a matter of courtesy, Plaintiffs waited to file this letter. However, as we have no offer yet, Plaintiffs feel they must move forward.

address the above objections or resolve them in whole or in part. Further, none of the requests were vague. *See* Ex. A.

## II. Defendants Refuse to Produce Relevant Records Requested by the RFP.

Defendants refuse production of the very records that Plaintiffs require to pursue their individual claims under Section 504, Section 1983 and the IDEA. For example, persistent violations of the IDEA can constitute the requisite intent to establish a Section 504 violation, a principle recognized by this Court and others even before the higher standard of intent for schoolchildren was abrogated.[2] Thus, Plaintiffs' requests for documents were specific to K.W.J. Ex. A, Reqs. 1-4 and 13(a)-(d), 14. Documents relating to K.W.J.'s education are exactly the type of documents that the Court contemplated would be discoverable at this time. Further, documents relating to claims that Defendants failed to implement (a) K.W.J.'s stay-put placement under 20 U.S.C. § 1415(j) (FAC ¶¶ 328-329) (Ex. A, Req. 1(g), 4) and (b) the SRO Decision No. 24-521 (FAC ¶ 378) (Ex. A, Req. 3) are directly relevant and within the scope of the Discovery Order. Yet, the only documents produced were those that were already part of the administrative hearing file.

Moreover, Plaintiffs seek to establish a basis for their claims that the Court should not defer to the SRO (who deferred to the IHO, in part). As such, the FAC challenges the IHO's qualifications, conduct, *sua sponte* defenses, and repeated extensions over Plaintiffs' objection, and claims that Plaintiffs were denied due process. *See* FAC ¶¶ 224, 236(f)–(o). Yet, Defendants have withheld all documents concerning the hearing and IHO (Ex. A, Reqs. 4-5,12) including but not limited to communications between themselves and the IHO, documents concerning the IHO's assignment under N.Y. Educ. Law § 4404, her decisions, the IHO's resume, and any complaints about the IHO. These documents are relevant. Further, Defendants' representation that they do not "possess" responsive records concerning Reqs. 4 and 5 and 12 is implausible and impossible. Defendants administered the Hearing Office while the IHO was presiding over this hearing and they were required to preserve documents relating to K.W.J. and the IHO's assignment, as well as her decisions (which must be publicly available under 34 C.F.R. § 300.513(d)(2)).[3] Upon information and belief, based on the discussion of these requests during the meet and confer call, an appropriate search for these documents had not been made.

Additionally, Defendants' objection that schedules and progress reports (Ex. A, Reqs. 1(c), 1(e)). are "equally accessible to Plaintiff" is untrue. If Plaintiff had the documents, she would not be requesting them. Parents lose access to electronically available documents when children are no longer in the school. Further, K.J.'s incomplete possession of records does not relieve Defendants

---

[2] *F.C. v. New York City Dep't of Educ.*, No. 15 CIV. 6045 (PAE), 2016 WL 8716232 (S.D.N.Y. Aug. 5, 2016); *A.J.T. by and through A.T. v. Osseo Area Schools, Independent School District No. 279*, 605 U.S. 335 (2025).

[3] There is a pending putative class action relative to the transfer of the hearing system from IHOs like the one hear to the New York City OATH, which was filed in 2020. *See E.F. v. Adams*, 21-CV-11150-ALC, 2022 WL 601999 (S.D.N.Y., 2022) (the court dismissed the federal claims but claims concerning the hearing system are still pending under state laws). Further, until April 22, 2025, the Defendants were part of a class action lawsuit about the hearing system generally. *See J.S.M. v. N.Y.C. Dep't of Educ.*, No. 20-cv-705, ECF No. 205 (settlement approved on April 22, 2025) (the settlement contemplates ongoing enforcement and has not yet expired).

of their obligation to preserve and produce records. *See* 34 C.F.R. §§ 300.611-625 (IDEA confidentiality and records-access requirements).

### III. Operational and Training Documents as Applied to K.W.J. Should be Produced.

Plaintiffs may need to establish (a) that the IEP process was procedurally deficient as well as substantive deficient for the 23-24 SY (under the IDEA); (b) predetermination constrained the teams for the IEPs for that year; and (c) establish – *de novo* – violations by the DOE as applied to K.W.J. which, collectively, violate Section 504.  Defendants refused to produce any procedures, policies, and guidance governing K.W.J.'s evaluation, IEP development and implementation, use of vouchers (Related Service Authorizations and P-4 letters). *See* Ex. A, Reqs. 6-11. These policies are directly relevant to Plaintiffs' individual IDEA claims concerning the 23-24 SY, as well as her individual claims under Section 504 and Section 1983 claims. Plaintiffs' Section 504 and § 1983 claims (FAC ¶¶ 362–381) relate to K.W.J.'s *individual* claims for discrimination, denial of reasonable accommodations, disparate treatment, deliberate indifference, and harassment. FAC ¶¶ 339, 341, 343. Plaintiffs are not seeking documents of other children, but merely the procedures that applied to K.W.J. specifically.

### IV. Missing Privilege Log.

Defendants assert generalized "privilege," work-product and attorney-client privilege over broad categories of documents without a log required by Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2. While Plaintiffs would not necessarily require Defendants to produce a log of emails sent and received by lawyers acting in their capacity as counsel, or drafts of lawyer's work relating to the hearing or SRO appeal, they cannot shield all documents (a) by lawyers who are not acting in that capacity (such as those working on implementation); or (b) documents based on other privileges without specifying the privilege and/or at least the category of documents they cover. Based on Defendants' generic responses, whether such documents are being withheld cannot be determined.

### V. Relief Requested.

Plaintiffs respectfully request that the Court order Defendants to (a) produce the documents in the RFP; and (b) produce a privilege log as described above. Plaintiffs are available for a conference at the Court's convenience under Section 2.E.

Respectfully submitted,
THE LAW OFFICE OF ELISA HYMAN, P.C.

By:_____
Elisa Hyman
Laura Dawn Barbieri, Of Counsel
1115 Broadway, 12th Floor
New York, NY 10010
(646) 572-9064 | elisahyman@gmail.com
*Counsel for Plaintiffs*

cc:    All counsel of record (via ECF)

3

Per the Court's Individual Rule 2(E), defendants' response is due May 27, 2026.

SO ORDERED.

Date:  May 21, 2026
      New York, New York

PAUL A. ENGELMAYER
United States District Judge