THE LAW OFFICE OF

# ELISA HYMAN, P.C.

May 20, 2026

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:    *K.J., et al. v. New York City Dep't of Educ., et al.*, No. 25-cv-5972 (PAE)

Dear Judge Engelmayer:

Plaintiffs respectfully submit this pre-motion letter pursuant to Section 2.E of Your Honor's Individual Practices, Local Civil Rule 37.2, and Fed. R. Civ. P. 26 seeking to compel Defendants to cure their inadequate Rule 26(a)(1) Initial Disclosures (Ex. A) ("Disclosures"). The parties met and conferred with Defendants' counsel by telephone on April 10, 2026, in an effort to resolve these disputes but were unable to make any progress. Plaintiffs have not received any updated disclosures.[1]

First, with respect to the witnesses, the Disclosures merely indicate that the witnesses "may have relevant information regarding the factual allegations in the Amended Complaint," which is precisely the boilerplate that Rule 26(a)(1)(A)(i) was amended to eliminate. *See* Fed. R. Civ. P. 26 advisory committee's note to 2000 amendment.[2]

Second, the Disclosures fail to comply with Rule 26(a)(1)(A)(ii). Defendants describe their universe of documents as: "Records and communications of the Defendants and other relevant DOE employees and officials concerning the allegations in the Complaint, *located in multiple physical locations and/or digital databases*," which provides neither the "description by category" nor the "location" required by Rule 26(a)(1)(A)(ii). As such, Plaintiffs have been prejudiced in being able to draft proper requests and negotiate relative to issues of burden and proportionality.

Accordingly, Plaintiffs request that the Court direct Defendants to serve supplemental initial disclosures to cure the deficiencies set forth herein. Further, if the Court is inclined to

---

[1]    As Defendants' counsel was on medical leave, and the parties have been discussing settlement, as a matter of courtesy, Plaintiffs waited to file this letter. However, as we have no offer yet, Plaintiffs feel they must move forward.

[2]    Further, Defendants list eleven witnesses with no "address and telephone number," and direct that all communications be routed through counsel. Ex. A. This blanket directive is improper as to any former DOE employees, as well as too broad relative to current employees, as it is not clear whether they would all be deemed "represented by counsel." *Niesig v. Team I,* 76 N.Y.2d 363, 374–75 (1990) (party includes "employees whose acts or omissions in the matter under inquiry are binding on the corporation [in effect, the corporation's 'alter egos'] or imputed to the corporation for purposes of its liability, or employees implementing the advice of counsel"). However, so far this has not been an issue for Plaintiffs as Defendants have not indicated that the witnesses for whom depositions have been noticed are no longer employed by Defendants.

schedule a conference to address Plaintiffs' other discovery dispute, Plaintiffs propose that this issue could also be addressed during such a conference.

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

THE LAW OFFICE OF ELISA HYMAN, P.C.

By:_____

Elisa Hyman
Laura Dawn Barbieri, Of Counsel
1115 Broadway, 12th Floor
New York, NY 10010
(646) 572-9064 | elisahyman@gmail.com
*Counsel for Plaintiffs*

cc:      All counsel of record (via ECF)

Per the Court's Individual Rule 2(E), defendants' response is due May 27, 2026.

SO ORDERED.

_____

PAUL A. ENGELMAYER
United States District Judge

Date:  May 21, 2026
       New York, New York

2